UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LUIS M. BATISTA** : | **DOCKET NO. 21-cv-02248** |
| **REG. # 75720-035** | **SECTION P** |
| **VERSUS** : | **JUDGE JAMES D. CAIN, JR.** |
| **S. MA'AT** : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [doc.1] by pro se petitioner Luis M. Batista. Batista is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana ("FCI-O"). His claims are related to an incident that occurred while he was incarcerated at FCI-Schylkill in Schuylkill County, Pennsylvania.

This petition has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.**
**BACKGROUND**

Batista brings this petition seeking expungement of a prison disciplinary proceeding involving possession of a cell phone and cell phone paraphernalia, resulting in a loss of 41 days of good time credit, 30 days of disciplinary segregation, 6 months loss of commissary privileges and 6 months loss of telephone privileges. Doc. 1, att. 4, p. 4, 7. He brings the instant habeas petition

claiming that the handling of the investigation and the fact that he was found guilty violates his constitutional rights. Doc. 1, p. 6. Accordingly, he seeks restoration of his good time credits and privileges and expungement of the charge.

## II.
## LAW & ANALYSIS

### A. *28 U.S.C. § 2241*

A 28 U.S.C. § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas challenge to a disciplinary proceeding, an inmate must show that the punishment intrudes on a liberty interest protected by the Constitution or some other law. *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (citing *Sandin v. Conner*, 115 S.Ct. 2293 (1995)). It is assumed that federal prisoners have a liberty interest in their accumulated good conduct time. *See, e.g.*, *Henson v. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *Watkins v. Lnu*, 547 Fed. App'x 409, 410 (5th Cir. 2013) (unpublished).

Thus, because a loss of good conduct time is involved in this proceeding, the Supreme Court's analysis in *Wolff v. McDonnell*, 94 S.Ct. 2963 (1974), and *Superintendent, Massachusetts Correctional Institution v. Hill*, 105 S.Ct. 2768 (1985), governs our review. In order for a prison disciplinary proceeding to comport with the requirements of due process, the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence; (3) written findings in support of the ruling; and (4) the requirement that on review, "some evidence" support the ruling. *Hill*, 105 S.Ct. at 2773–74; *Wolff*, 94 S.Ct. at 2978–80.

### B. *Application*

The record reveals that petitioner received all due process due under *Wolff*. Petitioner was notified of the charges against him on June 29, 2020, in a written incident report. Doc. 1, att. 4, p. 4. On July 2, 2020, he was provided a copy the Inmate Rights at the Discipline Hearing. *Id.* The DHO hearing was held on July 9, 2020. Based on the foregoing, petitioner received sufficient notice of the charges against him, more than twenty-four hours before the DHO hearing.

The record also reveals petitioner was afforded the opportunity to appear, make a statement, call witnesses, and present rebuttal evidence. The DHO report states Batista had a staff representative, Mr. Mroczka, appear on his behalf at the hearing. Doc. 1, att. 4, p. 4. Mrocka testified that he reviewed the incident report and the supporting documentation and met with Batista prior to the DHO hearing. *Id.* They discussed the specifics of the case, although Batista made no specific request of him as a staff representative. *Id.*

Moreover, Batista, after indicating that he understood his rights, that was ready to proceed with the hearing, and that he had no documents for the DHO to consider, testified on his own behalf that Section 11 of the incident report was inaccurate, stating:

> If you permit me, I can provide you information that would prove my innocence. I'm the head orderly. I have no trash guy assigned. I was doing trash removal myself. At around 9:55 I had a couple of bags that were full. I picked up the two bags and threw them outside. One of the bags broke. I saw Raup and Thiroway approaching. I was waiting for them to get there. Raup asked me what I'm doing. I told him I was emptying the trash. He asked me if there was anything in there. Thiroway patted me down and Raup checked the trash. Raup found two containers. He pulled out a cookie box but he didn't open the cookie box. He told me he was just doing his job and that guys put stuff in the trash. It belies reason for me to have that stuff. I am trying to get released to home confinement. I was a detective with the NYPD. Sometimes things look suspicious but people are actually innocent. This is one of those cases. I didn't know it was in there because of my level of compliance. I never had it in my hand. I never possessed any of those items.

*Id.*

Batista made no complaints of procedural errors during the hearing. *Id*.

Finally, petitioner was provided a written statement of the DHO's findings on August 5, 2020. *Id*. at p. 7.

Therefore, the only determination left is whether there was "some evidence" presented which a reasonable and impartial adjudicator could rely upon to find that petitioner committed the prohibited act of possession of a cell phone and paraphernalia. The DHO report outlines the evidence relied upon by the DHO and details extensively the reasons for reaching this decision. Doc.1, att. 4, pp. 5-7.

Accordingly, it cannot be said there was no evidence to support the DHO's findings; rather, the evidence is sufficient to sustain a disciplinary conviction. Therefore, petitioner fails to show a right to federal habeas relief.

### III.
#### CONCLUSION

For the reasons stated above, Batista's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

-5-

THUS DONE AND SIGNED in Chambers this 22nd day of September, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE